

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00199-CV

---

TERRI BLEVINS, APPELLANT

V.

BEVERLY BROWN, APPELLEE

---

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 112601-1-CV, Honorable Walton Weaver, Presiding

---

March 19, 2026

## DISSENTING OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

I agree with the majority that the trial court properly refused to consider Blevins's untimely amended petition and that the tortious interference claim was correctly dismissed. I also agree that Blevins failed to preserve the complaints about judicial conduct. I write separately because I would sustain Blevins's Rule 91a challenge as to the slander claim.

Rule 91a authorizes dismissal only when a claim has no basis in law, meaning the allegations, taken as true along with reasonable inferences, do not entitle the claimant to the relief sought. TEX. R. CIV. P. 91a.1. It does not ask whether the plaintiff has pleaded a strong case, or even a likely one. It asks only whether the claim is cognizable on its face.

"Rule 91a provides a harsh remedy and should be strictly construed." *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 842 (Tex. App.—Dallas 2023, no pet.). When we review the dismissal of a claim under Rule 91a, we apply a de novo standard of review because we examine the availability of a remedy under the pleaded facts as a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). In conducting that review, we construe the pleadings liberally in the plaintiff's favor, look to the pleader's intent, and accept as true all factual allegations. *Darnell v. Rogers*, 588 S.W.3d 295, 301 (Tex. App.—El Paso 2019, no pet.). In this defamation case, Blevins is required to allege a false statement of fact, published to a third party, with the requisite degree of fault, causing damages. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

The majority criticizes Blevins for failing to identify the precise words Brown used. I disagree that this failure renders the pleading fatally deficient as a matter of law for three reasons:

First, Texas does not follow a fact-pleading standard, but one of fair notice. The majority relies on *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) and its adoption of *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

2

S. Ct. 1937, 173 L. Ed. 2d 868 (2009), as the proper legal standard. But other courts in Texas have rejected the approach in *GoDaddy*, holding that Rule 91a's implementation did not transform Texas's notice-pleading standard into a state equivalent of Federal Rule 12(b)(6). *See City of Madisonville v. Hernandez*, No. 10-22-00151-CV, 2022 Tex. App. LEXIS 8931, at *14–15 (Tex. App.—Waco Dec. 7, 2022, pet. denied); *In re Shire PLC*, 633 S.W.3d 1, 24 (Tex. App.—Texarkana 2021, no pet.); *Yazdchi v. Wells Fargo Bank, NA*, No. 01-18-01023-CV, 2020 Tex. App. LEXIS 5000, at *21–22 (Tex. App.—Houston [1st Dist.] July 7, 2020, no pet.)*; Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 609–12 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied). I find nothing in the language of Rule 91a to suggest the State of Texas has jettisoned notice pleading for the more restrictive fact-pleading standard.

Second, nothing in Rule 91a or the elements of a defamation claim require a plaintiff to plead the defendant's precise words. Whatever debate may exist about whether Texas pleading standards are migrating toward the federal plausibility standard, it has plainly not adopted the heightened specificity required under Federal Rule 9(b), which demands that a plaintiff plead the who, what, when, where, and how of the alleged misconduct. No Texas authority imposes that burden in a defamation case, and the majority cites none. There is also a practical reason why it should not: defamatory statements are frequently made outside the plaintiff's presence. If Brown made the alleged statements to Christenson or HR without Blevins in the room, Blevins would have no personal knowledge of the precise words used. Requiring a plaintiff to plead the exact language of statements he or she never heard would effectively bar recovery in many

3

cases where liability is otherwise clear. It is enough, at the threshold, to allege that a false statement was made, to whom it was made, and what harm it caused. The absence of exact language goes to the specificity of the pleading, not to whether a cognizable claim has been asserted. When a defendant believes a plaintiff has not pleaded sufficient facts, the proper remedy under Texas procedure is a special exception, which gives the plaintiff an opportunity to amend and cure the deficiency. *See* TEX. R. CIV. P. 91; *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("The purpose of a special exception is to compel clarification of pleadings *when the pleadings are not clear or sufficiently specific or fail to plead a cause of action*.") (emphasis added). Dismissal with prejudice under Rule 91a should not be a substitute for that process.

Third, even though the plaintiff's pro se petition could have provided more detail, I believe it provided sufficient facts within the specific context. We know from the petition that Blevins and Brown were coworkers, both employed as customer service agents at Rick Husband Airport. The petition identifies three specific workplace conversations that became the subject of Brown's complaint to management, including one in which Brown was herself a participant, described as a conversation "regarding a photograph of Miley Cyrus shown to a coworker, Defendant Beverly Brown, where [Blevins] expressed personal opinions about Cyrus's public behavior." We also know that in February 2024, Blevins was summoned to a meeting with identified supervisors (Manager of Operations Ryan Christenson and HR representative Roddrick West) and questioned about those conversations. One week later, Blevins was terminated. When Southwest Airlines subsequently contested Blevins's application for unemployment benefits, it characterized

4

its basis for termination as "sexual harassment." The Texas Workforce Commission, after its own review, ruled in Blevins's favor, finding no evidence of misconduct.

The petition also alleged that Brown maliciously made false and misleading statements about Plaintiff with the intent "to get Plaintiff terminated from employment" and that Brown's "sexual harassment allegations were published to others, including Manager of Operations, Ryan Christenson and Southwest Airlines HR." The petition further alleged that Brown's false statements about Blevins's alleged misconduct "resulted in Tangible Employment Actions and termination from Southwest Airlines." When we take these allegations as true within the context of the pleading, we see that Blevins has identified a speaker (Brown), a subject matter (Brown made a false claim that Blevins committed sexual harassment on the job), recipients (to Southwest Airlines supervisory staff), and harm (Blevins' was fired from employment as a result of the false statement). These statements more than sufficiently provided the essential factual allegations supporting his claim for defamation. *See Montelongo v. Abrea*, 622 S.W.3d 290, 300 (Tex. 2021); *McLemore*, 978 S.W.2d at 571.

I would sustain Blevins's second issue as to the slander claim, reverse that portion of the trial court's dismissal order, and remand for further proceedings. Because the majority does not do so, I respectfully dissent. In all other respects, I concur in the majority's opinion.

Lawrence M. Doss
Justice

5